ALFRED C. LAM ET AL., EXECUTORS, ETC., AND ALFRED
C. LAM, TRADING AS LAM BUILDING COMPANY, RE-
SPONDENTS, v. HENRY WEINMANN, APPELLANT.

Argued February 2, 1927—Decided May 16, 1927.

A building contract contained this provision: "Should the contractor
be delayed in the prosecution or completion of the work by the
act, negligence or default of the owner, of the architect, or of
any other contractor employed by the owner upon the work,
* * * then the time herein fixed for the completion of the
work shall be extended for a period equivalent to the time lost
by reason of any or all the causes aforesaid, * * * but no
such allowance shall be made unless a claim therefor is pre-
sented in writing to the architect within forty-eight hours of the
occurrence of such delay." *Held*, that no extension of time for
completion could be demanded by the contractor in the absence
of proof that claim for such extension was presented in writing
within forty-eight hours of the occurrence of such delay or delays.

On appeal from the Atlantic County Circuit Court.

For the appellant, *Moore & Butler* and *Bourgeois &
Coulomb*.

For the respondents, *John C. Reed* and *Emerson Richards*.

The opinion of the court was delivered by

LLOYD, J. On October 13th, 1923, the respondents (plain-
tiffs below) and the appellant (defendant below) entered
into a written contract whereby the respondent agreed to con-
struct for the appellant an apartment house in Ventnor City
at a cost of $57,000, and to complete the same on or before
February 15th, 1923.

The construction was begun but was not completed at the
time specified in the contract. When all but $3,300 of the
contract price had been paid, work on the building ceased
and appellant proceeded to complete the building himself.

Before commencing suit the contractor demanded payment

of the balance claimed to be due under the contract, together with the sum of $4,719.07 alleged to be due for extra work and materials furnished in the construction of the building. Payment being refused, the present action was instituted.

The contract contained among its provisions section 7, reading as follows:

"Should the contractor be delayed in the prosecution or completion of the work by the act, negligence or default of the owner, of the architect, or of any other contractor employed by the owner upon the work, * * * then the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or all the causes aforesaid, * * * but no such allowance shall be made unless a claim therefor is presented in writing to the architect within forty-eight hours of the occurrence of such delay."

Among the defenses set up was one that the contractor did not complete within the time limit specified in the contract, and that this was to the appellant an occasion for loss of rental value. To this the respondent rejoined that the delays were due to the acts of the owner, architect and others employed by the owner. It did not appear, however, at the trial that any claim in writing was made by the contractor within forty-eight hours of the occurrence of such delays as called for in the provision of the contract above quoted. The court in charging the jury on this phase of the case said:

"The law is to this effect: When the failure of a contractor to perform the contract within the time stipulated therefor is caused by the wrongful acts, or failure of the owner or of his architect, or engineer, as where the delay is caused through mistake in the plans and specifications, requiring a part of the work to be done a second time, or by the failure to deliver copies of the plans and specifications, or where the work to be performed by the contractor cannot proceed until other work contracted for by the owner with a third person is done, or where the delay in performance is caused by extra work and alterations directed by the owner or his architect or engineer, or where the owner employs the contractor's sub-

contractors, he relieves the contractor from responsibility for delay caused in such employment."

To this an exception was taken by the appellant, and this portion of the charge is assigned for error.

The effect of such provisions in building contracts is not new in this state. In the case of *Feeney* v. *Bardsley,* 66 *N. J. L.* 239, 241, failure to give notice of claim based upon such delays as were here claimed in accordance with the terms of the written contract between the contractor and owner, was held fatal to any claim to excuse delay in completion. In the case of *Van Buskirk* v. *Board of Education,* 78 *Id.* 650, a provision of the contract in substantially the same language exists as is to be found in the present case. It was held that such delays could not be availed of by the contractor as an excuse for delay in completion where claim was not made within the time limited. We think, therefore, that when the learned trial judge charged the jury as he did he injected into the contract that which the parties had not agreed upon, namely, in effect, that the owner would be responsible for delays such as are enumerated in section 7, even though no claim were made in writing by the contractor within the time prescribed by the contract, and that the default in completion would be thereby excused.

As the case must go back for retrial, attention is called to another phase of the charge to which criticism is rightly directed. During the progress of the trial to overcome another provision of the contract requiring a final certificate of the architect as to completion, the complaint was amended to allege that the failure to receive such certificate was due to the fraud of the architect. The court, in dealing with this phase of the case, instructed the jury as follows:

"I may advise you here that with respect to the plaintiffs' claim the burden of proof is upon the plaintiffs to convince you by a fair preponderance of the believable testimony that his claim is just. So, you have in this case, dealing with the question of fraud, nothing more nor less than the statement of the two men, the contractor and the architect, as to the motive which caused the architect to withhold this final certificate." .

While the jury had been previously told that it could not allow the plaintiff to recover in this case unless it found that the certificate was earned, should have been given and was fraudulently and collusively withheld by the architect, the jury may well have understood from the portion of the charge quoted, and to which an exception was taken, that the question for them to decide was the justness or otherwise of the plaintiffs' claim quite independently of any fraud on the part of the architect.

The other grounds of appeal we have examined and find them without substantial merit, but because of the misdirection in the charge there must be a new trial.

The judgment is reversed and a *venire de novo* awarded.

*For affirmance*—The CHANCELLOR, TRENCHARD, BLACK, DEAR, JJ. 4.

*For reversal*—The CHIEF JUSTICE, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 7.